IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WINANS, | ) | Case No. 5:22-cv-1793 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION**[1] |

Plaintiff, James Winans, seeks judicial review of the final decision of the Commissioner of Social Security, denying his application for benefits under the Social Security Act. Winans has requested leave to proceed *in forma pauperis* ("IFP") in this matter. ECF Doc. 2. Because I conclude that Winans has sufficient financial resources to pay the court's $402 filing fee,[2] I recommend that the Court DENY his application for leave to proceed IFP.

**II.     Relevant Background**

On October 6, 2022, Winans filed a complaint (ECF Doc. 1) and an IFP application (ECF Doc. 2). In describing his financial status, Winans states that he is unemployed and has no income. ECF Doc. 2 at 1–2. He has $3,700 in cash and $1,700 in a checking account. His

---

[1] This matter is before me pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b) for preparation of a report and recommendation.
[2] N.D. Ohio Fee Schedule, available at https://www.ohnd.uscourts.gov/fee-schedule (last visited October 13, 2022).

assets include a house valued at $165,000 and what appears to be shares of stock ("RLFTF") valued at $5,500. ECF Doc. 2 at 2–3.

Winans's monthly expenses total $900, though he claims an average range of between $900 and $1,000. ECF Doc. 2 at 3–4. The $880 total includes: $280 in utilities; $15 in home maintenance; $100 in food; $15 in clothing; $10 in laundry/dry cleaning; $100 in transportation; $90 in homeowner's insurance; $70 in motor vehicle insurance; $120 in taxes; and $100 in installment payments on his credit card. *Id.* Winans states that he pays his expenses with "the little savings [he] has left." ECF Doc. 2 at 4.

### III. Law & Analysis

This court may authorize the commencement of a civil action without prepayment of the filing fee provided the person seeking IFP status submits an affidavit stating all his assets and that he is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* All of the IFP applicant's financial resources are relevant to that determination, "including those that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 U.S. Dist. LEXIS 10103, at *1 n.1 (D. Minn. Feb. 5, 2010); *see also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 U.S. Dist. LEXIS 111619, at *3 (S.D. Ohio Nov. 17, 2009) (collecting cases).

Here, Winans's application reflects that he has sufficient funds to cover his basic expenses. Winans's cash-on-hand ($3,700) and the funds in his checking account ($1,700) are more than enough to cover the court's $402 filing fee. And that's without considering the $5,500

in stock assets that Winans could potentially liquidate to cover the filing fee. Based on these figures, it does not appear that Winans is unable to pay the filing fee or that paying the filing fee would cause undue hardship. *Foster*, 21 F. App'x at 240. Rather, it appears that this is a case in which Winans must "weigh the financial constraints posed by pursing his complaint against the merits of his claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 U.S. Dist. LEXIS 160454, at *5 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted* 2012 U.S. Dist. LEXIS 160450 (E.D. Mich. Nov. 8, 2012).

## IV.     Recommendation

Because Winans has sufficient funds to pay the court's $402 filing fee after his monthly expenses are accounted for, I find that Winans is not eligible to proceed IFP in this case. Accordingly, I recommend that the Court DENY Winans's IFP application (ECF Doc. 2) and require him to pay the filing fee within a reasonable time.

Dated: October 13, 2022

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be

specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).