UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JAMES WINANS, | CASE NO. 5:22-cv-01793 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Docs. 1, 13, 15] |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff James Winans seeks review of Defendant Commissioner of Social Security's decision to deny his application for disability benefits. In seeking reversal of the Commissioner's decision, Winans makes three primary arguments. First, Winans argues that the Administrative Law Judge (ALJ) failed to consider his arthritis.[1] Second, Winans argues that the ALJ did not address his subjective testimony about being unable to stand for long periods of time.[2] And third, Winans argues that the ALJ improperly relied upon the ALJ's own raw medical data interpretation regarding his degenerative disc disease and arthritis when the ALJ determined his residual functional capacity (RFC).[3]

On June 8, 2023, the Magistrate Judge issued his report and recommendation (R&R) in this case.[4] The Magistrate Judge rejected Winans's first two arguments.[5] But the Magistrate Judge accepted Winans's third argument regarding the ALJ's using raw medical data to

---

[1] Doc. 7 at 9.
[2] *Id.*
[3] *Id.* at 9–10.
[4] Doc. 13.
[5] *Id.* at 9–10.

Case No. 5:22-cv-01793
GWIN, J.

determine residual functional capacity.[6]  As a result, the Magistrate Judge recommended that the Court vacate the Commissioner's decision and remand Winans's case for further consideration.[7]

The Commissioner objected that the Magistrate Judge was wrong to accept Winans's third argument.[8]  Winans did not respond to those objections.

For the following reasons, the Court **SUSTAINS** the Commissioner's objections and **ADOPTS IN PART** and **REJECTS IN PART** the R&R.  The Court rejects the portion of the R&R accepting Winans's third argument and adopts the rest of the R&R.  Therefore, the Court **AFFIRMS** the Commissioner's decision.

## I.  BACKGROUND

On October 16, 2020, Plaintiff Winans applied for Disability Insurance Benefits.[9]  In his application, Winans claimed disability from diabetes, hypertension, and back issues.[10]  At a November 5, 2021 hearing before an ALJ, Winans also claimed that joint problems stemming from pain and arthritis contributed to his disability.[11]

On December 22, 2021, the ALJ denied Winans's application.[12]  After the Appeals Council denied further review,[13] Winans sought review in district court challenging the Commissioner's denial.[14]

---

[6] Doc. 13 at 10–14.
[7] *Id.* at 14.
[8] Doc. 15.
[9] Doc. 6 at 208.
[10] *Id.* at 223.
[11] *Id.* at 101–02, 106–12.
[12] *Id.* at 87–94.
[13] *Id.* at 1–4.
[14] Doc. 1.

- 2 -

Case No. 5:22-cv-01793
GWIN, J.

Although Winans's application claimed three disabling impairments, Winans focuses this district court appeal on his back and joint problems.[15] The administrative record contains only three pieces of evidence supporting Winans's back and joint problems: September 16, 2021 treatment notes from a doctor's visit[16]; September 20 and 22, 2021 x-ray results[17]; and Plaintiff's November 5, 2021 ALJ hearing testimony.[18] The administrative record contains no medical opinion evaluating the September 2021 treatment notes or x-ray results.

The Magistrate Judge found that, because there was no medical opinion about Winans's back and joint problems, the ALJ's decision had potential problems under *Deskin v. Commissioner of Social Security*.[19]

In *Deskin*, a district court held that an ALJ generally "must recontact the treating source, order a consultative examination, or have a medical expert testify" if the record contains no medical opinion about functional limitations.[20] According to the *Deskin* court, the only time an ALJ does not need a medical opinion is when "the medical evidence shows relatively little physical impairment and [the] ALJ can render a commonsense judgment about functional capacity."[21]

But despite raising *Deskin*, the Magistrate Judge ultimately did not decide the *Deskin* issue. Instead, the Magistrate Judge determined that the ALJ made two related mistakes. First, the Magistrate Judge recommended that the ALJ impermissibly interpreted raw medical data.[22] Second, the Magistrate Judge found that the ALJ failed to give a sufficient explanation

---

[15] Doc. 7 at 8–10.
[16] Doc. 6 at 416–17, 420–21, 423.
[17] *Id.* at 434–36.
[18] *Id.* at 106–12.
[19] Doc. 13 at 10 (citing *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008)).
[20] 605 F. Supp. 2d at 912.
[21] *Id.* (internal quotations and citation omitted).
[22] Doc. 13 at 10, 12–13.

- 3 -

Case No. 5:22-cv-01793
GWIN, J.

for the disability benefits denial decision.[23] The Magistrate Judge concluded that the ALJ improperly evaluated the medical evidence of Winans's back and joint problems due to these mistakes.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's recommendations, courts review the objected-to portions of those recommendations de novo.[24]

A decision to deny Social Security benefits is reviewed to decide if the denial was "supported by substantial evidence and [] made pursuant to proper legal standards."[25] Whether the ALJ applied proper legal standards is a question that courts consider de novo.[26] But substantial evidence review is more deferential.[27] Substantial evidence exists if there is "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion."[28]

A court may also review some of an ALJ's procedural decisions. A decision not to supplement the record with additional evidence is reviewed for abuse of discretion.[29]

## III. DISCUSSION

The Commissioner objects only to the Magistrate Judge's finding that the ALJ improperly evaluated the medical evidence about Plaintiff Winans's back and joint problems.[30] The Court agrees with the Commissioner's objections.

---

[23] Doc. 13 at 11, 13–14.
[24] 28 U.S.C. § 636(b)(1).
[25] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[26] *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018).
[27] *Id.* at 745.
[28] *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
[29] *Pasiak v. Comm'r of Soc. Sec.*, 800 F. App'x 301, 304 (6th Cir. 2019) (citing *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001)).
[30] Doc. 15.

Case No. 5:22-cv-01793
GWIN, J.

While the Magistrate Judge did not expressly decide the *Deskin* issue, *Deskin*'s logic runs throughout the Magistrate Judge's R&R.  By criticizing the ALJ for evaluating raw medical data, the Magistrate Judge implied that the ALJ needed expert medical opinion evidence to properly evaluate Winans's claimed back and joint problems.  And in faulting the ALJ for not providing a complete explanation, the Magistrate Judge stated that the ALJ should have explained why he did not request a consultative examination.[31]

So, the Court first explains why the ALJ was not required to seek a medical opinion before turning to the two ALJ mistakes that the Magistrate Judge identified.

### A.  Need for a Medical Opinion

The ALJ did not abuse his discretion by failing to request a consultative examination or to otherwise seek a medical opinion about Winans's back and joint problems.

To start, Plaintiff Winans has the burden of proving that he is disabled.[32]  Winans, not the ALJ, shoulders the principal burden to gather evidence showing disability.[33]

To the extent that ALJs play a role in the evidence gathering process, that role is limited.[34]  An ALJ has only two mandatory evidence gathering duties:  First, the ALJ must make sure that the record contains a complete medical history for the twelve months leading up to a claimant's disability benefits application.[35]  All this requires is for the ALJ to collect complete records from the claimant's medical sources.[36]  Second, the ALJ must provide

---

[31] Doc. 13 at 13–14.
[32] 20 C.F.R. § 404.1512(a)(1).
[33] *Id.* ("You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled . . . ."); 20 C.F.R. § 404.704 ("When evidence is needed to prove your eligibility or your right to continue to receive benefit payments, you will be responsible for obtaining and giving the evidence to us.").
[34] ALJs may have a higher duty to develop the record when a claimant is not represented by counsel.  *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051–52 (6th Cir. 1983).  *But see Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563–64 (6th Cir. 2022) (expressing skepticism about *Lashley* and limiting *Lashley* to its facts).  However, Winans was represented by counsel, so this special duty does not apply.  *See* Doc. 6 at 140–44.
[35] 20 C.F.R. § 404.1512(b)(1).
[36] 20 C.F.R. § 404.1512(b)(1)(ii).

- 5 -

Case No. 5:22-cv-01793
GWIN, J.

vocational evidence about whether there are jobs in the national economy that the claimant can perform.[37] Neither of these duties is relevant here.

Rather, this Court examines the ALJ's power to order a consultative examination. Social Security regulations give ALJs the authority to order a consultative examination.[38] But those regulations "do not require an ALJ to refer a claimant to a consultative specialist."[39] Instead, "[a]n ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary."[40]

This means that there is no bright-line rule about when an ALJ must order a consultative examination. To the contrary, the decision to order a consultative examination is "made on an individual case basis."[41] As the Sixth Circuit explained, it is only when "the existing medical sources do not contain sufficient evidence to make a determination" that the ALJ should request a consultative examination.[42] The ALJ does not need to order a consultative examination "unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision."[43]

---

[37] 20 C.F.R. § 404.1512(b)(3).
[38] 20 C.F.R. § 404.1512(b)(2); 20 C.F.R § 404.1517; 20 C.F.R. § 404.1519a(a).
[39] *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir.1986); *see also* 20 C.F.R. § 404.1512(b)(2) ("We *may* ask you to attend one or more consultative examinations at our expense.") (emphasis added); 20 C.F.R § 404.1517 ("[W]e *may* ask you to have one or more physical or mental examinations or tests.") (emphasis added); 20 C.F.R. § 404.1519a(a) ("[W]e *may* decide to purchase a consultative examination.") (emphasis added).
[40] *Foster*, 279 F.3d at 355 (citing 20 C.F.R. §§ 404.1517, 416.917; *Landsaw*, 803 F.2d at 214); *see also Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 562 (6th Cir. 2014) ("[W]e note that solicitation of an expert medical opinion is discretionary.").
[41] 20 C.F.R. § 404.1519.
[42] *Landsaw*, 803 F.2d at 214; *see also* 20 C.F.R § 404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests."); 20 C.F.R. § 404.1519a(a) ("If we cannot get the information we need from your medical sources, we may decide to purchase a consultative examination."); 20 C.F.R. § 404.1519a(b) ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim.").
[43] *Landsaw*, 803 F.2d at 214 (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)); *see also LeFlouria v. Berryhill*, No. 1:17-cv-0157, 2018 WL 1100761, at *3 (N.D. Ohio Mar. 1, 2018) (quoting *Landsaw* for the same).

Case No. 5:22-cv-01793
GWIN, J.

Here, there is so little evidence of back and joint problems that the ALJ could determine that those problems were not disabling even without a consultative examination or other medical opinion.

Only two pieces of medical evidence support an argument that Winans had back and joint problems, both from a one-week span: September 16, 2021 treatment notes and September 20 and 22, 2021 x-ray results.[44] Neither demonstrates that Winans's claimed back and joint problems were disabling.

The treatment notes merely show that Winans reported back, knee, and hip pain, and that Winans had some decreased range of motion.[45] However, the treatment notes make no mention of how severe any of those symptoms were. Without any information on severity, the treatment notes do not support Winans's disability claim.

The x-ray results offer somewhat more evidence of disability. They show that Winans had mild degenerative disc issues in his back, mild osteoarthritis in his knees, and moderate to severe osteoarthritis in his hips.[46] But the x-ray results are also the *only* piece of medical testing in the record that supports Winans's back and joint problems.

The record does not contain any evidence that Winans ever sought treatment for his back and joint problems before September 2021. The lack of any meaningful treatment history undermines Winans's claim that those back and joint problems were disabling.[47]

---

[44] Doc. 6 at 416–17, 420–21, 423, 434–36.
[45] *Id.* at 416–17, 420–21.
[46] *Id.* at 434–36.
[47] See *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain.").

Case No. 5:22-cv-01793
GWIN, J.

The only other evidence of Winans's back and joint problems comes from Winans's ALJ hearing testimony.[48] But like the medical evidence described above, the lack of treatment history undermines Winans's testimony. If Winans's back and joint problems were severe, Winans would have sought medical treatment more than a single time in September 2021.[49]

In sum, there is a lack of evidence showing that Winans's back and joint problems were disabling. This lack of disability evidence is substantial evidence for the ALJ's finding that Winans failed to meet his burden of proving disability. And given that there is already substantial evidence supporting the ALJ's finding that Winans was not disabled, the ALJ did not need to request a consultative examination to make the disability decision.[50] The ALJ was not required to seek another medical opinion in these circumstances.

*Deskin* does not change this finding. For one, *Deskin* is a non-binding district court decision that conflicts with the regulations and Sixth Circuit case law that the Court discussed above. By requiring an ALJ to secure a medical opinion whenever the record does not contain such an opinion, subject to only limited exceptions, *Deskin* places a higher burden on the ALJ than the Sixth Circuit does.[51] Indeed, several courts in this district have criticized *Deskin* for being inconsistent with circuit precedent.[52]

Moreover, even on *Deskin*'s own terms, the ALJ in this case did not need to request a consultative examination. Under *Deskin*, one of the exceptions to its medical opinion

---

[48] Doc. 6 at 106–12.
[49] *See Strong*, 88 F. App'x at 846.
[50] *See Landsaw*, 803 F.2d at 214 (holding that an ALJ does not need to order a consultative examination unless such an examination is necessary to determine disability).
[51] *See Deskin*, 605 F. Supp. 2d at 912.
[52] *E.g.*, *Stevenson v. Kijakazi*, No. 5:20-cv-2688, 2022 WL 4551590, at *14 (N.D. Ohio Sept. 29, 2022) (collecting cases); *Williams v. Astrue*, No. 1:11-cv-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012) ("*Deskin* 'is not representative of the law established by the legislature, and [as] interpreted by the Sixth Circuit Court of Appeals.'") (alteration in original) (quoting *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2 2010)).

- 8 -

Case No. 5:22-cv-01793
GWIN, J.

requirement is when "the medical evidence shows relatively little physical impairment and an ALJ can render a commonsense judgment about functional capacity."[53]

As the Court just explained, little evidence supports that Winans's back and joint problems were disabling. The ALJ could review that little evidence and make a commonsense judgment that Winans was not disabled.

The Court finds that the ALJ did not abuse his discretion by failing to request a consultative examination or other medical opinion.

### B. Evaluation of Medical Evidence

The Court next turns to the first of the two ALJ mistakes the Magistrate Judge identified in his R&R. The Magistrate Judge concluded that the ALJ improperly interpreted raw medical data when the ALJ evaluated the medical evidence without the benefit of a medical opinion.[54] The Court disagrees.

True, ALJs are "generally unqualified to interpret raw medical data and make medical judgments concerning the limitations that may reasonably be expected to accompany such data."[55] But at the same time, Social Security regulations "require the ALJ to evaluate the medical evidence to determine whether a claimant is disabled."[56] Far from prohibiting ALJs from directly evaluating medical evidence, the law requires it.

The Sixth Circuit has also held that ALJs are "not required to obtain a medical expert to interpret the medical evidence related to [a claimant's] physical impairments."[57] So, an

---

[53] *Deskin*, 605 F. Supp. 2d at 912 (internal quotations and citation omitted).
[54] Doc. 13 at 10, 12–13.
[55] *Phelps v. Comm'r of Soc. Sec. Admin.*, No. 1:21-cv-02295, 2022 WL 18395824, at *10 (N.D. Ohio Nov. 15, 2022) (citations omitted), *report and recommendation adopted*, 2023 WL 316016 (N.D. Ohio Jan. 18, 2023).
[56] *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013) (citing in part 20 C.F.R. § 404.1545(a)(3)).
[57] *Id.*; *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.") (citations omitted).

Case No. 5:22-cv-01793
GWIN, J.

ALJ does not improperly "interpret raw medical data" simply by evaluating the medical evidence without the benefit of a medical opinion.

Sometimes, ALJs need medical opinion evidence. Sometimes not. The administrative record evidence determines whether an ALJ could permissibly review the medical evidence without a medical opinion.

In this case, even *Deskin*'s rule requiring medical opinions in most cases contains an exception for cases where the medical evidence is so sparse that the ALJ can make a commonsense judgment.[58] And as the Court already determined above, the ALJ could make such a commonsense judgment that Winans's back and joint problems were not disabling.[59]

Additionally, the record medical evidence is not "raw medical data." The x-ray evidence includes doctor's interpretations, not raw x-ray images.[60] Courts have consistently held that this type of x-ray report is not raw medical data.[61]

Likewise, the treatment notes are not raw medical data beyond the ALJ's expertise. The treatment notes simply recorded Winans's reports of pain and the doctor's observation that Winans had decreased ranges of motion.[62] Pain and decreased range of motion are within an ALJ's understanding.[63]

---

[58] *See Deskin*, 605 F. Supp. 2d at 912.
[59] *See supra* Section III.A.
[60] Doc. 6 at 434–36.
[61] *See, e.g.*, *Rudd*, 531 F. App'x at 727 (holding that an ALJ does not improperly interpret raw medical data when she evaluates x-ray results that have already been interpreted by a radiologist); *Fowler v. Comm'r of Soc. Sec. Admin.*, No. 1:21-cv-01708, 2022 WL 3648436, at *13 (N.D. Ohio Aug. 9, 2022) ("[A]n ALJ does not "interpret raw medical data" where X-rays or other records have already been interpreted by a treating physician or radiologist."), *report and recommendation adopted*, 2022 WL 3647771 (N.D. Ohio Aug. 24, 2022); *Robert D. v. Comm'r of Soc. Sec.*, No. 3:23-cv-001, 2023 WL 4348871, at *6 (S.D. Ohio July 5, 2023) (similar), *report and recommendation adopted sub nom. Robert D. v. Comm'r of Soc. Sec. Admin.*, 2023 WL 5002369 (S.D. Ohio Aug. 4, 2023); *Evans v. Comm'r of Soc. Sec.*, No. 1:18-cv-632, 2019 WL 3927507, at *9 (S.D. Ohio Aug. 20, 2019) (similar), *report and recommendation adopted*, 2019 WL 4738120 (S.D. Ohio Sept. 28, 2019).
[62] Doc. 6 at 416–17, 420–21.
[63] *See Robert D.*, 2023 WL 4348871, at *6 (doctors' reports from physical examinations are not raw medical data); *Evans*, 2019 WL 3927507, at *9 (doctors' reports about a patient's subjective complaints and objective condition are not raw medical data when those reports are in plain language).

Case No. 5:22-cv-01793
GWIN, J.

The Court determines that the ALJ did not improperly interpret raw medical data.

### C. Sufficiency of Explanation

Finally, the R&R faults the ALJ for failing to provide an adequate explanation.[64] Specifically, the Magistrate Judge criticized the ALJ for failing to address Winans's daily activities or other evidence that might have been inconsistent with Winans's subjective testimony.[65] The Magistrate Judge also criticized the ALJ for failing to explain why the ALJ did not request a consultative examination.[66]

Beginning with the first criticism, the Court finds that the ALJ sufficiently explained his analysis. The ALJ noted that the record "indicate[s] no treatment for [Winans's hip pain] until September 2021," and that "the only objective evidence of limitation in [Winans's] physical functioning is a notation of decreased range of motion of his hips in September 2021."[67] The lack of treatment and objective evidence give explanation to why the ALJ discounted Winans's subjective testimony.[68]

Against this limited medical evidence, the ALJ did not make a mistake by failing to address Winans's daily activities. "An ALJ need not discuss every piece of evidence in the record for [the ALJ's] decision to stand."[69] Once there is enough explanation, courts will not reverse the ALJ's decision just because more explanation could have been given.[70]

---

[64] Doc. 13 at 13–14.
[65] *Id.* at 13.
[66] *Id.* at 13–14.
[67] Doc. 6 at 91–92.
[68] *See Strong*, 88 F. App'x at 846 (lack of treatment can undermine disability claims); *Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003) ("[T]he lack of objective evidence substantiating the alleged disabling headaches is what precludes the allowance of disability benefits in these two situations.").
[69] *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 195 (6th Cir. 2020) (alteration in original) (citation omitted).
[70] *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842 (6th Cir. 2005) ("Given the ALJ's lengthy discussion of the lack of objective evidence supporting these claimed physical limitations, we find that the ALJ's failure to mention specifically the mother's letter is not reversible error.").

Case No. 5:22-cv-01793
GWIN, J.

As to the second criticism, the Court finds that the ALJ did not need to explain his procedural decision not to order a consultative examination. The Social Security regulations describe when the ALJ must give an explanation. Unlike the medical opinion regulations, the consultative examination regulations do not require an explanation.[71] And courts are "generally not free to impose [additional procedural rights] if the agencies have not chosen to grant them."[72]

Therefore, the Court finds that the ALJ provided an adequate explanation for his decision.

## IV. CONCLUSION

For the reasons stated above, the Court **SUSTAINS** the Commissioner's objections. The Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. Because no party objected to the portions of the R&R rejecting Winans's arguments that the ALJ failed to consider Winans's arthritis or subjective testimony, and no party objected to the procedural history or summary of the record, the Court adopts those portions. The Court rejects the portion of the R&R concluding that the ALJ improperly evaluated medical evidence. Consequently, the Court **AFFIRMS** the Commissioner's decision.

IT IS SO ORDERED.

Dated: November 15, 2023    *s/    James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[71] *Compare* 20 C.F.R. § 404.1520c(a) (medical opinion regulations) ("We will articulate how we considered the medical opinions . . . in your claim according to paragraph (b) of this section."), *with* 20 C.F.R. §§ 404.1517–1519t (consultative examination regulations).
[72] *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978).